JOHN J. QUIMBY *vs.* SELDEN HEWEY and Trustee.

Penobscot.    Opinion November 15, 1898.

*Trustee Process. R. S., c. 86, §§ 30, 55, par. VI.*

In a trustee suit the following facts appeared. Service of the trustee writ was made upon the trustee December 12, 1896, again February 3, 1897, and again March 4, 1897. At the time of the first service there was nothing due from the trustee to the principal defendant; at the time of the second service there was due $11.86 and at the time of the third service a further sum of $16.31 was due, these respective sums being due from the trustee to the principal defendant for his personal labor for a time not exceeding one month next preceding the service. *Held;* that, said sums being respectively less than twenty dollars, the trustee must be discharged unless the suit is for necessaries furnished the principal defendant.

To charge the trustee in this case it is incumbent upon the plaintiff to aver and prove that the debt sued is for necessaries furnished the principal defendant or his family. There being no such averment or proof, the trustee will be discharged.

ON EXCEPTIONS BY PLAINTIFF.

From the bill of exceptions it appeared that this case came before the court for an adjudication of a trustee disclosure.

The action was assumpsit on an account annexed to the writ for the sum of $89.98. The account annexed showed that the amount

sued for or the principal part thereof was for groceries, provisions and clothing, but otherwise than this there was no affirmative allegation in the writ that the suit was for necessaries.

By the disclosure of the trustee it appeared that at the time of disclosure, there was due the principal defendant and held by trustee service of said writ, the sum of $28.17. It was not stated either in the disclosure or in the record, nor were there any written allegations on the part of the defendant or the trustee, that the funds in the hands of the trustee so disclosed as aforesaid, or any part thereof, were due from the trustee to the principal defendant, "as wages for a time not exceeding one month next preceding the service of the process." Nor was any evidence offered or adduced by either the trustee or the principal defendant, tending to show this fact.

It neither appeared in the record, nor were there any written allegations either by the principal defendant or the trustee, that the goods mentioned in the said account annexed were not for necessaries furnished to said principal defendant or his family. Nor was there any evidence adduced or offered upon this point.

Plaintiff contended that the burden is upon the defendant to bring himself within the provisions of Clause VI, Sec. 55, Chap. 86, R. S., not only with respect to the time when the wages are earned but as to whether or not the suit is for necessaries furnished him or his family, especially in this suit, where the writ shows that the goods sued for were groceries, clothing, etc.

Plaintiff first asked the court to rule that the trustee be held for the whole amount disclosed, to wit, $28.17. This the court refused to do, and ruled that plaintiff must aver in the declaration that the suit is for necessaries furnished the principal defendant or his family, and that therefore there being no such affirmative averment or proof the trustee must be discharged.

The plaintiff then asked the court to rule that the trustee be held for all disclosed, over $20.00, to wit, $8.17. This the court also refused to do, and ruled that the trustee be discharged.

To each of the foregoing rulings and refusals to rule, the plaintiff took exceptions.

*Clarence Scott,* for plaintiff.

Counsel argued: (1.) In trustee process it is clearly the duty of the debtor to bring himself within the statute by specifically claiming exemption. Drake, Attachment, p. 426, §§ 480, 480 a; *Pullen* v. *Monk,* 82 Maine, 412; *Lock* v. *Johnson,* 36 Maine, 464.

(2.) A trustee, indebted to the principal defendant for his personal labor, is bound to disclose, not only the indebtedness but also that it accrued for such labor. *Lock* v. *Johnson,* supra; Drake, Attachment, supra; *Toothaker* v. *Allen,* 41 Maine, 324; *Barker* v. *Osborne,* 71 Maine, 69.

(3.) If the trustee do not disclose that the wages of the principal defendant, held in his hands by trustee service, were due for his personal labor, a judgment against him as trustee will furnish no protection in an action against him by the laborer for the services. Cases supra.

(4.) The exemption is for the benefit of the debtor and the right of election is in him. *Colson* v. *Wilson,* 58 Maine, 416.

(5.) The debtor must claim his exemption, or he will generally be regarded as having waived it. 7 Am. & Eng. Ency. p. 141; *Pond* v. *Kimball,* 101 Mass. 105; *Spitley* v. *Frost,* 15 Fed. Rep. 299; Drake, Attachment, p. 224, § 244 a.

(6.) A debtor may waive his privilege, and consent that exempted property may be attached. The waiver may be made by acts or neglects to act, and when the debtor fails to set apart or claim to set apart exempted property, he waives his privilege. *Smith* v. *Chadwick,* 51 Maine, 515; *McKenzie* v. *Redman,* 87 Maine, 322; *Colson* v. *Wilson,* 58 Maine, 416.

*Peregrine White,* for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

FOGLER, J. Exceptions by plaintiff to the ruling of the presiding justice discharging the trustee.

The action is assumpsit on an account annexed to the writ. Service was made upon the trustee December 12, 1896, and again

February 3, 1897, and again March 4, 1897. The disclosure of the trustee, fairly construed, shows that the principal defendant was employed by the trustee as a night watchman; that nothing was due him by the trustee at the time of the first service; that at the time of the second service there was due him the sum of $11.86; that there was due him at the time of the last service the further sum of $16.31; and that these respective sums at the times of each service were due from the trustee to the principal defendant as wages for his personal labor for a time not exceeding one month next preceding the service of the process. These sums being respectively less than twenty dollars are exempt from attachment by trustee process and the trustee must be discharged unless it appears that the plaintiff's suit is for necessaries furnished the principal defendant or his family. R. S., c. 86, § 55, Par. VI; *Collins* v. *Chase,* 71 Maine, 434; *Haynes* v. *Thompson,* 80 Maine, 125.

The goods charged in the account annexed to the plaintiff's writ are clearly of the class known as "necessaries." Attachment of property of the principal debtor in the hands of trustees are wholly regulated by statute. *Hanson* v. *Butler.* 48 Maine, 82. To charge the trustee the attaching creditor must allege and prove every material fact necessary to bring his case within the purview of the statute. Whether the goods charged in the account sued were furnished the principal defendant or his family is a material and decisive fact in determining whether the trustee shall be charged. That such goods are of the class recognized as "necessaries" is not sufficient. *McAuley* v. *Tracy,* 61 Maine, 523. The plaintiff does not allege, either in his declaration or in an allegation which he might have filed under R. S., c. 86, § 30, which provides that the plaintiff, defendant or trustee may allege and prove any fact material in deciding the question of the trustee's liability, that the goods charged were furnished the principal defendant or his family, nor does he offer any proof that the goods were so furnished.

The ruling of the presiding justice is correct and the trustee must be discharged.
                                        *Exceptions overruled.*